UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Mohamed A.,

        Petitioner,

v.

Kevin McAleenan, Acting Secretary of
Homeland Security; William Barr,
Attorney General; Leslie Tritten, ICE
Field Office Director; and Joel Brott,
Sherburne County Sheriff;

        Respondents.[1]

File No. 19-cv-0049 (ECT/ECW)

**ORDER DECLINING TO ACCEPT REPORT AND RECOMMENDATION**

---

      This case concerns a habeas petition filed by petitioner Mohamed A., a citizen of Somalia and native of Kenya, challenging his continued detention by Immigration and Customs Enforcement ("ICE") pending removal. *See generally* Pet. [ECF No. 1]; Decl. of Angela Minner ("Minner Decl.") ¶ 4 [ECF No. 6]. He was initially taken into ICE custody on December 18, 2017. Minner Decl. ¶ 17. On November 20, 2018, the immigration judge issued a decision in his removal proceedings that granted Mohamed A. withholding of removal to Somalia based on the likelihood that he would be persecuted there because of

---

[1]     Acting Secretary of Homeland Security Kevin McAleenan is substituted for former Secretary of Homeland Security Kirstjen Nielsen (originally identified in the Petition as "Krisjen Neilsen"), Attorney General William Barr is substituted for former Acting Attorney General Matthew Whitaker (originally identified in the Petition as "Mathew Whitaker"), and Immigration and Customs Enforcement Field Office Director Leslie Tritten is substituted for her predecessor Scott Baniecke because a "[public] officer's successor is automatically substituted as a party" and "[l]ater proceedings should be in the substituted party's name." Fed. R. Civ. P. 25(d).

his clan membership and ordered him removed to any other country that would accept him. Decl. of Angela Minner Ex. G [ECF No. 6-7]. The Government appealed the immigration judge's order to the Board of Immigration Appeals ("BIA"), and Mohamed A., who remained in ICE custody as that appeal proceeded, filed this habeas petition in federal court, seeking "immediate and unconditional release from custody." Pet. at 8. On May 16, 2019, United States Magistrate Elizabeth Cowan Wright issued a Report and Recommendation in this matter, recommending that Mohamed A. not be granted immediate release but that he be granted a bond hearing before an immigration judge. Report & Recommendation ("R&R") at 14 [ECF No. 15].

Approximately one hour after the Report and Recommendation was issued, the clerk's office docketed an undated notice mailed by Mohamed A. informing the Court that the BIA had dismissed the Government's appeal in his parallel removal proceedings. Notice at 1 [ECF No. 17]. He attached a copy of the BIA decision, which was dated May 7, 2019. *See* ECF No. 17-1. In his notice to this Court, Mohamed A. wrote, "The Respondents want to hold and Detain[] Petione[r] for 90 day[s] to 180 days. Further Detention is unreas[on]able and Courts Should Grant Habeas relief." Notice at 1 (emphasis in original).

On May 22, 2019, the federal Respondents objected to the Report and Recommendation, arguing that Mohamed A. had been released from custody without conditions on May 13, 2019 following the dismissal of the government's appeal to the BIA, and that this case therefore is now moot. Obj. at 1 [ECF No. 18]; *see also* Supp. Decl. of Angela Minner ¶ 4. Mohamed A. has not responded to those objections. The Report and

Recommendation sent to him by the clerk's office has been returned as undeliverable. ECF No. 19. That is unsurprising, given that he is no longer in custody at the facility to which it was sent and has not provided the Court with an updated address.

Because the federal Respondents have filed objections, the Court is required to review the Report and Recommendation de novo pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). That de novo review reveals that the Petition is indeed moot.

The United States Constitution limits the subject-matter jurisdiction of federal courts to ongoing cases and controversies. *See* U.S. CONST. art. III, § 2, cl. 1. "[A]n actual [case or] controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citations and internal quotation marks omitted). "When . . . the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)). If an action is moot because it no longer satisfies the case-or-controversy requirement, a federal court "ha[s] no discretion and must dismiss the action for lack of jurisdiction." *Ali*, 419 F.3d at 724 (citing *Powell v. McCormack*, 395 U.S. 486, 496 n.7 (1969)). There are four exceptions, however. If any of the following exceptions apply, a court should not dismiss a habeas petition as moot:

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

3

*Ahmed v. Sessions*, No. 16-cv-02124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (citation omitted), *report and recommendation adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017).

None of those exceptions apply here. No collateral consequences survive Mohamed A.'s allegedly unlawful detention. His "habeas petition[ ] challenge[s] only his detention[ ], which ha[s] now ended." *Kargbo v. Brott*, No. 15-cv-2713, 2016 WL 3676162, *2 (D. Minn. July 6, 2016). Neither the second nor third exceptions apply, either. If Mohamed A. were taken into custody again—for example, if the Government were to identify a country other than Somalia that would agree to accept him following removal and initiated a new round of removal proceedings—any habeas relief Mohamed A. might seek at that time would be based on new facts and circumstances surrounding a new detention. *See id.* Finally, this is not a class action. Accordingly, Mohamed A.'s habeas petition is moot, and the Court lacks subject-matter jurisdiction over it.

Therefore, based on all of the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED THAT**:

1. The federal Respondents' Objections [ECF No. 18] are **SUSTAINED**;

2. The Court **DECLINES TO ACCEPT** the Report and Recommendation [ECF No. 15] because the case has become moot;

3. The Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED** as moot; and

4. The action is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 6, 2019

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court